[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10174
_____

D.C. Docket No. 7:13-cr-00149-LSC-JEO-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MURRY MALONE BAILEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(February 24, 2015)

Before TJOFLAT, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Murry Bailey appeals his convictions for sexual exploitation of a child, in

violation of 18 U.S.C. § 2251(a), and possession of child pornography, in violation

of 18 U.S.C. § 2252A(a)(5)(B).  On appeal, Bailey argues that the indictment was

insufficiently clear and that there was insufficient evidence to support his conviction on one of the counts that he violated § 2251(a).  We address each argument in turn.

After a bench trial, the district court made findings of fact that Bailey video recorded the child victim after leaving her notes instructing where and when to masturbate.  Bailey is seen in one recording giving the victim money in order to induce her to masturbate.  Also Bailey is heard on the recording, out of her hearing, telling her that she had better hurry up and masturbate.

I.  CHALLENGE TO THE SUFFICIENCY OF THE INDICTMENT

First, Bailey challenges the sufficiency of the indictment.   Bailey concedes that his challenge is made for the first time on appeal, and therefore, our review is limited.  As we held in United States v. Pena, 684 F.3d 1137 (11th Cir. 2012):

> [W]hen a defendant challenges the adequacy of an indictment for the first time on appeal, this Court must find the indictment sufficient unless it is so defective that it does not, by any reasonable construction, charge an offense for which the defendant is convicted. . . . Thus, in some instances, an element may be inferred from the express allegations of the indictment. . . . Practical, rather than technical, considerations govern the validity of an indictment.  Minor deficiencies that do not prejudice the defendant will not prompt this Court to reverse a conviction. . . . Where the defendant suffers no actual prejudice as a result of the indictment, and the indictment provides facts and the specific statute under which the defendant is charged, the [Court] will find the indictment sufficient.

Id. at 1147-48 (internal quotations omitted); accord United States v. Adams, 83 F.3d 1371, 1375 (11th Cir. 1996) (In the posture of an appeal in which a challenge

2

to the sufficiency of the indictment was raised for the first time on appeal, we concluded that the defendant had "suffered no actual prejudice as a result of this indictment," and thus affirmed his conviction.).

Bailey's challenge to the indictment in this case has two parts. First, Bailey challenges Counts One through Four. With respect to these counts, he argues that the language of each of said counts is identical with the exception of the time frame during which the alleged crime occurred. Because there was overlap in those time periods, Bailey argues that he had insufficient factual information to tell which count charged the crime depicted in Government exhibits 1-4. Thus, he argues that he had insufficient notice to prepare his defense. He also argues that he would be unable to invoke the protections of double jeopardy in the event of a future prosecution.

We reject Bailey's arguments. As noted above, in light of our limited review, Bailey can prevail only if he could show he suffered actual prejudice as a result of the indictment. We conclude that Bailey cannot do this. It is undisputed that, well before trial, he knew precisely which of the four video images were charged in each count. He knew that Count One charged the crime depicted in Government's exhibit 1, that Count Two charged the crime depicted in the Government's exhibit 2, that Count Three charged the crime depicted in the Government's exhibit 3, and that Count Four charged the crime depicted in the

3

Government's exhibit 4.  Because the images on each of the four Government exhibits (which depicted the crimes charged in Counts One through Four) are distinctive, and readily distinguishable from the others, Bailey will have no trouble obtaining double jeopardy protection in the event of any future prosecution.

In the second part of Bailey's challenge to the indictment, Bailey challenges Count Five.  He argues that it is defective because it fails to factually identify the specific image charged.  We also reject this challenge.  Count Five provides:

The Grand Jury charges:

Between on or about May 4, 2011, until on or about May 30, 2012, a more specific date being unknown to the Grand Jury, in or around Tuscaloosa County, within the Northern District of Alabama, and elsewhere, the defendant,

MURRY MALONE BAILEY,

did knowingly possess and access with intent to view a computer, computer disk, videotapes, and other material, to wit:  a Dell Vastro 1500 laptop computer with serial number HY6KVD1, and two videotapes that contain an image of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that has been mailed, and shipped and transported using a means and facility of interstate and foreign commerce, to wit: the internet, and that was produced using materials that have been mailed, and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

The indictment notified Bailey that the child pornography that he was charged with possessing appeared on a specifically identified computer and two videotapes that were in his possession at the time of his arrest.

4

We conclude that Bailey's challenge is without merit. As noted, our scope of review is limited. We cannot conclude that Bailey has demonstrated that he suffered actual prejudice as a result of the indictment. Well before trial, Bailey was aware of, and had actually viewed, the images that appeared on the computer and the two videotapes. Thus, he had ample notice of the charge against which he must defend. Moreover, the record of Bailey's trial will reveal the images from the specifically identified computer and two videotapes that were introduced into evidence for the court to consider when determining whether Bailey possessed child pornography during the designated time frame. Thus, the record of Bailey's trial will enable Bailey to invoke the protections of double jeopardy in any future prosecution.[1]

## II. CHALLENGE TO THE SUFFICIENCY OF THE EVIDENCE WITH RESPECT TO COUNT FOUR

Implicitly acknowledging that the conduct displayed in the Government's exhibit 4 depicts the crime charged in Count Four, Bailey argues that there was insufficient evidence to support a conviction on Count Four. Bailey's argument is based on the district court's finding that exhibit 4 does not show S.C. actually masturbating. D.C. Docket 56 at 5. Bailey argues that a violation of 18 U.S.C.

---

[1] In light of our opinion, we need not rely on the recent change to Fed.R.Crim.P. 12(b)(3)(B), which prohibits a challenge to a defect in the indictment after the trial has commenced.

§ 2251(a) requires that a minor actually masturbate in the visual depiction. The district court held that it was sufficient for the Government to prove that the defendant "knowingly induced and enticed her to masturbate." Id. at 5. Section 2251 provides in relevant part:

> (a) Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct, or for the purpose of transmitting a live visual depiction of such conduct, shall be punished as provided under subsection (e) . . . if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate . . . commerce by any means, including by computer.

18 U.S.C. § 2251(a).

This Court reviews de novo whether there is sufficient evidence to support a guilty verdict in a criminal trial. United States v. Doe, 661 F.3d 550, 560 (11th Cir. 2011). We view the evidence in the light most favorable to the Government and resolve all reasonable inferences and credibility evaluations in favor of the verdict. Id. "Evidence is sufficient to support a conviction if a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt." United States v. Maxwell, 579 F.3d 1282, 1299 (11th Cir. 2009) (internal quotations and citations omitted). Further, if a reasonable trier of fact could so find, "[t]he evidence need not exclude every reasonable hypothesis of innocence or be wholly

6

inconsistent with every conclusion except that of guilt." United States v. Robertson, 493 F.3d 1322, 1329 (11th Cir. 2007) (internal quotations and citations omitted).

We agree with the district court. The conduct depicted in exhibit 4 – with which Bailey was charged in Count Four – clearly shows Bailey inducing and enticing S.C. to masturbate. That conduct falls within the plain meaning of the language of the statute. The statute requires only that the defendant "induce" or "entice" the minor to masturbate; it does not require that the effort be successful. Bailey cites no case to the contrary. Moreover, other evidence before the jury bolsters the Government's argument that Bailey was intending to induce and entice S.C. to masturbate. For instance, there is Bailey's voice-over on the recording, telling the victim to hurry up and masturbate; the money that he gave her; and the notes he left her, instructing her where and when to do so.

In light of this holding, we need not address the Government's other theories to support the sufficiency of the evidence with respect to Count Four.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.

7