[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14773
_____

D.C. Docket No. 6:13-cr-00032-RBD-TBS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LOUIS RUGGIERO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 30, 2015)

Before ED CARNES, Chief Judge, COX and GILMAN,* Circuit Judges.

ED CARNES, Chief Judge:

_____

*Honorable Ronald Lee Gilman, United States Circuit Judge for the Sixth Circuit, sitting by designation.

Louis Ruggiero pleaded guilty to producing child pornography, in violation of 18 U.S.C. § 2251(a).  As a condition of that plea, he reserved the right to appeal the district court's denial of his motion to dismiss the indictment.  On appeal, he contends that § 2251(a), both facially and as applied, is unconstitutional under the Fifth and Sixth Amendments because it does not require the government to prove that a defendant knew that his victim was a minor.  Ruggiero's minor premise (the statute does not require proof that the defendant knew the victim was underage) is correct, but his major premise (it is constitutionally required to do so) and his conclusion (therefore it is unconstitutional) are not.

## I.    Background

Ruggiero was 31 years old when he sent 15-year-old K.M. a Facebook "friend request."  After chatting online for a few weeks, Ruggiero convinced K.M. to meet him.  They met near K.M.'s home, and he drove her to his house, where he had sex with her for the first time.  Over the next few months, Ruggiero persuaded K.M. to participate in more sexual conduct, including performing oral sex on him and posing nude on his bed.  He used his cell phone camera to take pictures of K.M. in these and other sexually explicit positions.

A few months later, responding to an online advertisement, Ruggiero solicited sex with what he believed to be a 13-year-old girl and her stepfather.  It

2

turned out that the girl did not exist and her "stepfather" was an undercover officer. After Ruggiero was arrested, law enforcement agents found the pornographic photos of 15-year-old K.M. saved on his computer.

Ruggiero was indicted on three counts of enticing a minor to engage in sexually explicit conduct in order to produce child pornography, in violation of 18 U.S.C. § 2251(a), one count of attempting to entice a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). Ruggiero filed a motion to dismiss the indictment. He argued, among other things, that 18 U.S.C. § 2251(a) violates the Fifth and Sixth Amendments because knowledge of the victim's age is neither an element of the offense nor available as an affirmative defense.[1] If knowledge of age were an element or an affirmative defense, Ruggiero asserted, he would go to trial and introduce evidence that he came to know K.M. through an adults-only website and she had told him that she was 18 years old or older. The district court ruled that § 2251(a) is constitutional and denied Ruggiero's motion to dismiss the indictment.

Ruggiero eventually pleaded guilty to one count of sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a), and one count of attempting to entice a

---

[1] That motion also challenged, on similar grounds, the constitutionality of 18 U.S.C. § 2422(b). The district court ruled that § 2242(b) is constitutional. As part of his plea agreement, Ruggiero waived the right to appeal that ruling.

minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b).  As a condition to his guilty plea on the first offense, he reserved the right to appeal the court's denial of his motion to dismiss as it pertained to the constitutionality of § 2251(a).  This is that appeal.

## II.    Discussion

Ruggiero contends that we should reverse his conviction because § 2251(a) is unconstitutional both on its face and as applied to him in this case.  He argues, among other things, that § 2251(a) violates the Fifth Amendment's Due Process Clause "because it eliminates the element of mens rea from a criminal offense which is not a public welfare offense and which carries a severe penalty," and violates the Sixth Amendment's jury trial guarantee because "it deprives an accused of the right to have a jury determine the single fact that makes otherwise legal conduct illegal."  We review de novo challenges to a statute's constitutionality, applying a strong presumption of validity.  United States v. Lebowitz, 676 F.3d 1000, 1012 (11th Cir. 2012).

Section § 2251(a) is the "production" section of a broad regulatory scheme that prohibits the production, receipt, distribution, and possession of child pornography.  See 18 U.S.C. §§ 2251, 2252, 2252A.  It provides in relevant part:

> Any person who employs, uses, persuades, induces, entices, or
> coerces any minor to engage in . . . any sexually explicit conduct for
> the purpose of producing any visual depiction of such conduct . . .
> shall be punished as provided under subsection (e) . . . if that visual

4

depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means.

18 U.S.C. § 2251(a).[2]  On its face and as applied in this case, § 2251(a) requires only that a defendant arrange for a minor to engage in sexually explicit conduct for the purpose of creating a visual depiction, and that there be some nexus to interstate or foreign commerce.[3]

Knowledge of the victim's age is neither an element of § 2251(a) nor an affirmative defense to a prosecution for it.  United States v. Deverso, 518 F.3d 1250, 1257–58 (11th Cir. 2008); see also United States v. X-Citement Video, Inc., 513 U.S. 64, 76 n.5 (1994) (stating, in dicta, that "producers may be convicted under § 2251(a) without proof they had knowledge of age," and citing a Senate Conference Committee Report explaining that the deletion of the word "knowingly" from § 2251 reflected an intent to eliminate knowledge of age as an element of the crime).  The question is whether the absence of a knowledge-of-age requirement in § 2251(a) violates the Fifth or Sixth Amendment.[4]

---

[2] The statute sets the age of majority at 18 years old and provides that "[a]ny individual who violates . . . this section shall be fined . . . and imprisoned not less than 15 years nor more than 30 years."  18 U.S.C. §§ 2251(e), 2256(1).

[3] The cell phone Ruggiero used to take photos of K.M. was manufactured in China, and Ruggiero does not appear to question the foreign commerce nexus.  See infra note 8.

[4] Most constitutional challenges to § 2251(a) have been brought under the First Amendment, with the argument being that the unavailability of a mistake-of-age defense renders the statute overbroad and chills protected speech.  Those challenges have been

5

Most of Ruggiero's arguments are styled as facial challenges to the constitutionality of § 2251(a).  We will address those first before turning to his arguments that § 2251(a) is unconstitutional as applied to him.

### A.    Facial Challenge

None of the arguments that Ruggiero makes in support of his contention that § 2251(a) is facially unconstitutional can pass the "no set of circumstances" test for facial challenges.  "A facial challenge, as distinguished from an as-applied challenge, seeks to invalidate a statute or regulation itself."  United States v. Frandsen, 212 F.3d 1231, 1235 (11th Cir. 2000).  It is "the most difficult challenge to mount successfully" because it requires a defendant to show "that no set of circumstances exists under which the [law] would be valid."  United States v. Salerno, 481 U.S. 739, 745, 107 S. Ct. 2095, 2100 (1987); see also Frandsen, 212

---

almost uniformly rejected by courts, including by this Court in Deverso, 518 F.3d at 1258.  See United States v. Fletcher, 634 F.3d 395, 404 (7th Cir. 2011); United States v. Humphrey, 608 F.3d 955, 962 (6th Cir. 2010); United States v. Malloy, 568 F.3d 166, 176 (4th Cir. 2009); United States v. Wilson, 565 F.3d 1059, 1069 (8th Cir. 2009); but see United States v. U.S. Dist. Court, Cent. Dist. Ca., 858 F.2d 534, 540–42 (9th Cir. 1988) (engrafting a mistake of age defense on § 2251(a) after finding that the statute would otherwise violate the First Amendment).  Only two of our sister circuits have faced, as we do here, a challenge to § 2251(a) based on the Fifth Amendment's Due Process Clause.  See United States v. McCloud, 590 F.3d 560, 566–68 (8th Cir. 2009) (holding that district courts disallowance of a reasonable mistake-of-age defense to § 2251(a) charge did not violate the defendant's due process rights); Malloy, 568 F.3d at 176–77 (same).  We have not been able to find any published court of appeals decision addressing a Sixth Amendment challenge to § 2251(a)'s failure to require knowledge of the defendant's age.

6

F.3d at 1235 (stating that "no set of circumstances" is the general rule for evaluating facial challenges in this circuit).

To succeed on his facial challenge, Ruggiero must convince us that § 2251(a) would be unconstitutional even where a producer of child pornography indisputably knew that his victim was a minor — say, for instance, in a case where the victim had repeatedly told the defendant that he was fifteen years old, see United States v. Lebowitz, 676 F.3d 1000, 1006–07 (11th Cir. 2012), or where the victim was the defendant's thirteen-year-old stepdaughter, see United States v. Culver, 598 F.3d 740, 744–45 (11th Cir. 2010), or his eleven-year-old cousin, see United States v. Kapordelis, 569 F.3d 1291, 1299 (11th Cir. 2009), or his coworker's five-year-old son and two-year-old daughter, see United States v. Grzybowicz, 747 F.3d 1296, 1301 (11th Cir. 2014).  Because we cannot be convinced that application of § 2251(a) would be unconstitutional in those circumstances, the facial challenge fails.

## B.    As-Applied Challenge

We turn now to Ruggiero's claim that § 2251(a) is unconstitutional as applied to him.  It is settled that § 2251(a) does not require proof that the defendant knew the victim was a minor.  Deverso, 518 F.3d at 1257.  Ruggiero concedes that; indeed, it is a premise of his challenge to the provision.  At the same time, he leans heavily on dicta from United States v. X-Citement Video, Inc., 513 U.S. 64, 115 S.

Ct. 464 (1994), which is a statutory interpretation decision.  The issue in that case was whether 18 U.S.C. § 2252 — the distribution counterpart to § 2251(a)'s production prohibition — required proof that the distributor defendant knew that the performer was a minor.[5]  Id. at 66, 115 S. Ct. at 466.  The Ninth Circuit Court of Appeals had held that § 2252 did not require that knowledge and, as a result, it violated the First Amendment.  Id. at 67, 115 S. Ct. at 466–67.  The Supreme Court reversed, but avoided the constitutional question by holding that § 2252 actually does require proof that the defendant knew the performer was a minor.  Id. at 78, 115 S. Ct. at 472.

In reaching that holding, the X-Citement Video Court made two observations, both in dicta, that Ruggiero thinks support his claim that § 2251(a) is unconstitutional.  First, the Court observed that "§ 2252 is not a public welfare offense" but instead is "more akin to the common-law offenses against the state, the person, property, or public morals, that presume a scienter requirement in the absence of express contrary intent."[6]  Id. at 71–72, 115 S. Ct. at 468–69 (citation

---

[5] Section 2252 prohibits "knowingly" transporting, shipping, receiving, distributing, or reproducing child pornography.  See 18 U.S.C. § 2252.

[6] Morissette v. United States, 342 U.S. 246, 72 S. Ct. 240 (1952), is the Supreme Court's seminal treatment of the public welfare offense doctrine.  The Morissette Court identified two categories of statutory criminal offenses:  (1) those steeped in the common law; and (2) public welfare offenses, which seek social betterment by "heighten[ing] the duties of those in control of particular industries, trades, properties or activities that affect public health, safety or welfare," regardless of the actor's intent.  Id. at 250–56, 72 S. Ct. at 243–46.

omitted) (quotation marks omitted).  Second, the Court noted that several of its First Amendment decisions "suggest that a statute completely bereft of a scienter requirement as to the age of the performers would raise serious constitutional doubts," and "[i]t is therefore incumbent [on the Court] to read [§ 2252] to eliminate those doubts so long as such a reading is not plainly contrary to the intent of Congress."  Id. at 78, 115 S. Ct. at 472.

In his unsuccessful attempt to paint constitutional law on a canvas of statutory construction, Ruggiero argues that § 2251(a), like § 2252, is not a public welfare offense, and therefore it is unconstitutional for Congress to dispense with a knowledge-of-age element.  Even assuming that premise is correct — that § 2251(a) is not a public welfare offense — the conclusion is not.  The public-welfare-offense doctrine has nothing to say about Congress's authority to enact strict liability schemes; it is, instead, a tool of statutory interpretation to be used when the language of the statute is unclear about what mental state, if any, is an element of the crime.  See generally Morissette v. United States, 342 U.S. 246, 72 S. Ct. 240 (1952) (explaining the origins and utility of the public-welfare-offense doctrine).  That is all it is.

Although a criminal statute originating in common law is generally construed to include "the ancient requirement of a culpable state of mind," id. at 250, 72 S. Ct. at 243, the common law recognizes several exceptions to that rule of

9

construction. The relevant one is an exception for "sex offenses, such as rape, in which the victim's actual age was determinative despite defendant's reasonable belief that the girl had reached age of consent." Id. at 251 n.8, 72 S. Ct. at 244 n.8. Against that common law backdrop, Congress has enjoyed nearly unfettered discretion to exclude knowledge from the definition of statutory crimes in "recognition that young children need special protection against sexual exploitation." United States v. Daniels, 685 F.3d 1237, 1248 n. 13 (11th Cir. 2012); see also id. at 1248–49 ("Although there is a general presumption that a knowing mens rea applies to every element in a statute, cases concerned with the protection of minors are within a special context, where that presumption is rebutted.").

Nor does the "serious constitutional doubts" dictum from X-Citement Video support Ruggiero's position that the absence of a knowledge-of-age requirement in § 2251(a) is unconstitutional.  The Supreme Court effectively foreclosed that extrapolation by distinguishing between the distribution prohibited by § 2252 and the production prohibited by § 2251(a).  The Court pointed out that when Congress amended those two statutes, "the new bill retained the adverb 'knowingly' in § 2252 while simultaneously deleting the word 'knowingly' from § 2251(a)." X-Citement Video, 513 U.S. at 76, 115 S. Ct. at 472.  As the Court explained:

> The difference in congressional intent with respect to § 2251 versus
> § 2252 reflects the reality that producers are more conveniently able

> to ascertain the age of performers.  It thus makes sense to impose the risk of error on producers.

Id. at 76 n.5, 115 S. Ct. at 471 n.5.  In light of that sharply drawn distinction between producers (who confront their victims personally) and distributors (who do not), Ruggiero cannot persuade us that the X-Citement Video Court meant to imply "serious constitutional doubts" about § 2251(a).  See Fletcher, 634 F.3d at 403 ("[T]he production of child pornography may be analogized to those sex offenses, like statutory rape, that have traditionally been exempted from the common law presumption of mens rea."); Gilmour v. Rogerson, 117 F.3d 368, 372 (8th Cir. 1997) ("Unlike most distributors, the sexually exploitive producer deals directly with the child victim, like the statutory rapist who has traditionally been denied a mistake-of-age defense.").

Ruggiero restates essentially the same argument in different ways, none of which is convincing.  He states, for example, that the application of § 2251(a) violated his due process rights because the only "morally blameworthy" aspect of his conduct was K.M.'s age and he thought she was an adult.  Setting aside Ruggiero's take on morality, the Due Process Clause has rarely concerned itself with limiting Congress's "wide latitude . . . to declare an offense and to exclude elements of knowledge and diligence from its definition."  Lambert v. California, 355 U.S. 225, 228, 78 S. Ct. 240, 242 (1957); see also United States v. Balint, 258 U.S. 250, 252, 42 S. Ct. 301, 302 (1922) ("[The] object[ion] that punishment of a

11

person for an act in violation of law when ignorant of the facts making it so, is an absence of due process of law. . . . [has been] considered and overruled.").

The Supreme Court did invalidate a criminal statute under the Due Process Clause in the Lambert case for failure to require knowledge that the conduct was prohibited by law. See 355 U.S. at 229–30, 78 S. Ct. at 243–44. That case involved a city ordinance that imposed a registration requirement on convicted persons and did not permit evidence that the accused had no knowledge of the requirement. Id. at 226, 78 S. Ct. 242. The Court emphasized that the "mere failure to register" was "wholly passive" and "unlike the commission of acts, or the failure to act under circumstances that should alert the doer to the consequences of his deed." Id. at 228, 78 S. Ct. at 243. It was for that reason the statute violated the defendant's due process rights. Id. at 228–30, 78 S. Ct. at 242–44.

The registration statute at issue in Lambert is easily distinguished from the child pornography production statute at issue in this case. Taking photos of a 15-year-old girl in sexually explicit positions is "the commission of an act," and the failure to verify her age is "the failure to act under circumstances that should alert the doer to the consequences of his deed." This case is a far cry from a case, like Lambert, where "a person, wholly passive and unaware of any wrongdoing, is brought to the bar of justice for condemnation in a criminal case." Id. at 228, 78 S. Ct. at 243.

12

Ruggiero was convicted of the kind of exploitive conduct that Congress can regulate without requiring the government to prove that a defendant knew that his victim was underage.  See United States v. Mozie, 752 F.3d 1271, 1282 (11th Cir. 2014) (stating that, in the context of statutory sex crimes, "federal courts uniformly have rejected claims that the Constitution requires the government to prove that a defendant knew that the victim was underage, or that such a defendant has a constitutional right to the defense that he made a reasonable mistake as to the victim's age") (alteration omitted) (quotation marks omitted).  "[T]he use of children as subjects of pornographic materials is harmful to the physiological, emotional, and mental health of the child" and the prevention of it "constitutes a government objective of surpassing importance." New York v. Ferber, 458 U.S. 747, 757–58, 102 S. Ct. 3348, 3355 (1982).  As the Eighth Circuit has explained in discussing the absence of an affirmative mistake-of-age defense for charges of producing child pornography:

> [N]ot only is the [government's] interest in banning the sexual exploitation of children very strong, but the mistake-of-age defense is directly contrary to that interest. . . . [T]he defense will typically be proved by evidence that the minor was a willing, perhaps deceitful participant in producing pornographic films and photos.  The [government] may legitimately protect children from self-destructive decisions reflecting the youthful poor judgment that makes them, in the eyes of the law, beneath the age of consent.  One can argue that sexually sophisticated [adolescents] do not need or even do not deserve such protection, but that is a legislative question.

Gilmour, 117 F.3d at 372 (quotation marks omitted).[7]

Ruggiero also argues that because the photos of K.M. were not taken for any commercial purpose, § 2251(a) cannot be constitutionally applied to him.[8] Though the argument is stated in due process terms, the real questions seem to be whether Congress intended § 2251(a) to reach non-commercial producers of child pornography like Ruggiero (a statutory interpretation question) and, if so, whether it can constitutionally do so (a Commerce Clause question). The answers are yes and yes.

Ruggiero selectively cites bits and pieces of legislative history in an effort to show that Congress intended for § 2251(a) to curtail only commercial child pornography. About that, two things. First, the statutory language plainly does not limit § 2251(a) to commercial conduct. And where statutory language is plain, there is no room on the interpretation field for legislative history. United States v.

---

[7] Gilmour rejected a First Amendment challenge to an Iowa state child pornography statute that is nearly identical to § 2251(a). 117 F.3d at 372.

[8] The only item that had traveled in interstate or foreign commerce in this case was the China-manufactured cell phone he used to take the images, but Ruggiero does not appear to contend that § 2251(a) is unconstitutional as applied to him for lack of a sufficient nexus to foreign commerce. If he does, we reject that contention. See Gonzalez v. Raich, 545 U.S. 1, 9, 17, 125 S. Ct. 2195, 2201, 2205 (2005) (holding that Congress may regulate purely local intrastate activities if they are part of an "economic 'class of activities' that have a substantial effect on interstate commerce"); see also United States v. Forrest, 429 F.3d 73, 76–79 (4th Cir. 2005) (applying the Raich rationale to uphold a defendant's convictions for production and possession of child pornography that itself had never crossed state lines, but that was produced using cameras that were manufactured outside the state); United States v. Jeronimo-Bautista, 425 F.3d 1266, 1273 (10th Cir. 2005) (same).

Gonzales, 520 U.S. 1, 6, 117 S. Ct. 1032, 1035 (1997) ("Given [a] straightforward statutory command, there is no reason to resort to legislative history."); CBS Inc. v. PrimeTime 24 Joint Venture, 245 F.3d 1217, 1224 (11th Cir. 2001) ("Our decisions . . . mandate[e] that ambiguity in statutory language be shown before a court delves into legislative history."); Harris v. Garner, 216 F.3d 970, 972 (11th Cir. 2000) (en banc) ("We begin our construction of [a statute] where courts should always begin the process of legislative interpretation, and where they often should end it as well, which is with the words of the statutory provision."); United States v. Steele, 147 F.3d 1316, 1318 (11th Cir. 1998) (en banc) ("Where the language Congress chose to express its intent is clear and unambiguous, that is as far as we go to ascertain its intent because we must presume that Congress said what it meant and meant what it said.").

Even if the statutory language were not plain, the legislative history of § 2251(a) actually proves the opposite of Ruggiero's position. As originally enacted, § 2251(a) provided that a defendant could be convicted only if he produced child pornography "for pecuniary profit." The Protection of Children Against Sexual Exploitation Act of 1977, Pub. L. No. 95–225, § 2(a), 92 Stat. 7 (1978) (enacting 18 U.S.C. § 2253(3), later redesignated as 18 U.S.C. § 2255(3), which defined "producing" as "producing, directing, manufacturing, issuing, publishing, or advertising, for pecuniary profit") (emphasis added). In 1984,

15

however, Congress amended the provision to delete the phrase "for pecuniary profit." Child Protection Act of 1984, § 5(a)(5), Pub. L. No. 98-292, 98 Stat. 204 (1984). The House Report that accompanied the amendment explained that "[s]ince the harm to the child exists whether or not those who initiate or carry out the schemes are motivated by profit, the Subcommittee found a need to expand the coverage of the Act by deleting the commercial purpose requirement." H.R. Rep. No. 98-536, at 2–3 (1983), reprinted in 1984 U.S.C.C.A.N. 492, 493–94.

And it is clear that Congress can regulate the interstate or foreign transportation of goods, including child pornography, regardless of whether there was a commercial purpose for it. Cf. United States v. 12,200–Ft. Reels of Super 8MM. Film, 413 U.S. 123, 125, 93 S. Ct. 2665, 2667 (1973) (holding that Congress can constitutionally prohibit the importation of obscene material from abroad, even if it is imported for personal use rather than for commercial distribution); Cleveland v. United States, 329 U.S. 14, 18, 67 S. Ct. 13, 15 (1946) (upholding the Mann Act convictions of Mormon men who had arranged for women to travel to Utah to join them in polygamous marriages, on the grounds that the Mann Act, "while primarily aimed at the use of interstate commerce for the purposes of commercialized sex, is not restricted to that end"). Our sister circuits

16

have been of one voice in rejecting Commerce Clause challenges to § 2251(a),[9]

and we join the chorus.

As a fallback argument, Ruggiero asserts that even if the government is not

required to prove he knew the victim's age, the Constitution affords him the right

to introduce evidence that he made a reasonable mistake regarding her age. That

fallback argument fails. Because knowledge of age is not an element of the crime,

evidence of a lack of knowledge is irrelevant. And there is no right to introduce

irrelevant evidence. Instead, "it is axiomatic that a defendant's right to present a

full defense does not entitle him to place before the jury irrelevant or otherwise

inadmissible evidence." United States v. Anderson, 872 F.2d 1508, 1519 (11th

Cir. 1989); see also McCloud, 590 F.3d at 566 (rejecting defendant's contention

that it violated due process not to recognize an affirmative defense of lack of

knowledge of age and holding that mistake-of-age evidence is irrelevant). The

---

[9] See, e.g., United States v. Malloy, 568 F.3d 166, 179–81 (4th Cir. 2009) (rejecting an as-applied challenge to § 2251(a) based on the argument that Congress cannot regulate the production of child pornography that has a "'null effect' on the 'national market for child pornography'"); United States v. Morales-De Jesús, 372 F.3d 6, 14–17 (1st Cir. 2004) (rejecting both a facial and as-applied challenge to § 2251(a) based on the argument that Congress cannot regulate intrastate child pornography created exclusively for personal use); United States v. Sirois, 87 F.3d 34, 40 (2d Cir. 1996) (rejecting the argument that § 2251(a) is constitutionally suspect unless a "commercial purpose" requirement is engrafted onto it); see also United States v. McCalla, 545 F.3d 750, 755 (9th Cir. 2008) ("Given Congress's broad interest in preventing sexual exploitation of children, it is eminently rational that Congress would seek to regulate intrastate production of pornography even where there is no evidence that it was created for commercial purposes.").

Fifth Amendment does not require courts to entertain a mistake-of-age-defense under § 2251(a).

Neither does the Sixth Amendment. The guarantee of a trial by jury requires, in relevant part, that a guilty verdict rest upon the "determination that the defendant is guilty of every element of the crime with which he is charged, beyond a reasonable doubt." United States v. Gaudin, 515 U.S. 506, 510, 115 S. Ct. 2310, 2313 (1995). It does not require that the jury be allowed to hear evidence that is not relevant to any element of the crime or an affirmative defense.

In a final Hail Mary, Ruggiero contends that § 2251(a) is unconstitutionally vague. A statute is void for vagueness under the Fifth Amendment's Due Process Clause if it "fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement." United States v. Williams, 553 U.S. 285, 304, 128 S. Ct. 1830, 1845 (2008). We have no doubt that a person of ordinary intelligence would know, upon reading § 2251(a), that it prohibits persuading a 15-year-old to engage in sexually explicit conduct for the purpose of photographing her with a cell phone camera that has traveled in foreign commerce. And we have no reason to think that § 2251(a) authorizes or encourages seriously discriminatory enforcement. Ruggiero's vagueness challenge, like his other challenges to § 2251(a), flutters feebly and falls to the ground.

18

**AFFIRMED.**