[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-13514
Non-Argument Calendar
_____

D.C. Docket No. 5:09-cv-00387-EAK-TBS

IAN ORVILLE AIKEN,

Petitioner-Appellant,

versus

WARDEN, FCC COLEMAN - MEDIUM,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 4, 2016)

**ON REMAND FROM THE
UNITED STATES SUPREME COURT**

Before HULL, WILSON and ROSENBAUM, Circuit Judges.

PER CURIAM:

Ian Orville Aiken, a federal prisoner proceeding *pro se*, appeals the district court's dismissal of his petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, in which he alleged that his sentence for possession of ammunition by a convicted felon was improperly enhanced pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e).  On December 29, 2014, this Court affirmed the district court's dismissal of Aiken's § 2241 petition.  *Aiken v. Warden, FCC Coleman – Medium*, 595 F. App'x 953 (11th Cir. 2014) (unpublished).

On June 30, 2015, the U.S. Supreme Court granted Aiken's petition for a writ of certiorari, vacated this Court's December 29, 2014 decision, and remanded the case for further consideration in light of *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015).  *Aiken v. Pastrana*, 135 S. Ct. 2940 (2015).  On October 9, 2015, this Court ordered supplemental briefs from the parties addressing the impact, if any, of *Johnson* on this appeal.

After reviewing the supplemental briefs, we conclude that *Johnson* has no impact on the outcome of this appeal, and we therefore reinstate our prior decision, as provided below, and affirm the district court's dismissal of Aiken's § 2241 petition.  We add at the end why *Johnson* does not allow Aiken, under the facts of his case, to "open the portal" to the 28 U.S.C. § 2255(e) savings clause.

REINSTATED DECISION

In 2000, Aiken was convicted and sentenced for possession of ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and possession and use of a false non-immigrant visa and/or passport, in violation of 18 U.S.C. § 1546(a). Because he had three prior violent felony convictions,[1] he was subject to the sentence enhancement provision of the ACCA, which mandated a minimum 15-year prison term. At sentencing, Aiken initially objected to the application of the ACCA enhancement and to the factual descriptions in the presentence investigation report (PSI) concerning the conduct underlying his prior state convictions. But Aiken later withdrew his objections after the government agreed to modify the contested sections of the PSI. The district court applied the ACCA enhancement without discussing the specific convictions that served as predicate offenses. The district court then sentenced Aiken to 293 months' imprisonment for the felon-in-possession conviction and a concurrent 120-month term for the false-document conviction.[2] Aiken's convictions and total sentence were summarily affirmed by this Court on appeal. *United States v. Aiken*, 254 F.3d 74 (11th Cir. 2001) (table).

---

[1] The criminal history that formed the basis of Aiken's ACCA enhancement included: (1) 1989 convictions for carrying a concealed firearm, battery on a law enforcement officer, and resisting an officer with violence to his person; (2) a 1990 conviction for aggravated battery; and (3) 1993 convictions for robbery and false imprisonment.

[2] Aiken also is serving a 420-month sentence for conspiracy to engage in racketeering, in violation of 18 U.S.C. § 1962(d), to run concurrently to his other two sentences.

In 2002, Aiken sought relief pursuant to 28 U.S.C. § 2255, arguing that the police lacked probable cause to arrest him, he was actually innocent of the charged violation of § 1546(a), and he was deprived of jail-time credit from a related offense. The district court denied Aiken's motion in 2003 and this Court declined to issue a certificate of appealability in June 2004.

Aiken filed his instant § 2241 petition in September 2009, arguing that he was actually innocent of the ACCA enhancement because his prior state convictions did not qualify as "violent felonies." The district court dismissed Aiken's § 2241 petition for lack of jurisdiction, concluding that Aiken had failed to establish the necessary conditions to satisfy the savings clause of 28 U.S.C. § 2255(e), so that his claims might be considered in a § 2241 petition. Alternatively, the district court noted that Aiken's claim would fail on the merits because he possessed the requisite number of predicate convictions to support the ACCA enhancement.

In his instant appeal, Aiken characterizes the Supreme Court's decisions in *Begay v. United States*, 553 U.S. 137 (2008), *Chambers v. United States*, 555 U.S. 122 (2009), and *Johnson v. United States,* 559 U.S. 133 (2010), as retroactive decisions sufficient to trigger the savings clause of § 2255(e) and allow his § 2241 petition to be decided on the merits. Relying on these decisions, he argues that the district court erred in finding that his prior state convictions for battery on a law

4

enforcement officer, robbery, and false imprisonment, were violent felonies for purposes of the ACCA.  As a result, he maintains, he is "[a]ctually, [f]actually, and [l]egally" innocent of his status as an armed career criminal.[3]

## I.

We construe *pro se* pleadings liberally.  *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  "Whether a prisoner may bring a [] § 2241 petition under the savings clause of § 2255(e) is a question of law we review *de novo*."  *Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1337 (11th Cir. 2013), *cert. denied*, 135 S. Ct. 52 (2014).  Under § 2241(a) and (d), a district court has the power to grant a writ of habeas corpus to a prisoner in custody in that district.  This power is limited, however, by § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by [a § 2255 motion], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).  The applicability of § 2255(e)'s savings clause is a threshold jurisdictional issue, which imposes a subject-matter jurisdictional limit on § 2241 petitions.  *See Williams*, 713 F.3d at 1337-38.  Accordingly, before we may reach the substantive claims raised by Aiken, we must

---

[3] Following briefing, Aiken's appeal was held in abeyance pending this Court's ruling in *Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253 (11th Cir. 2013).

5

determine whether the savings clause of § 2255(e) permits him to seek relief through a § 2241 petition.

The restriction against second and successive § 2255 motions, standing alone, cannot render § 2255's remedy inadequate or ineffective under the savings clause in § 2255(e). *Gilbert v. United States*, 640 F.3d 1293, 1308 (11th Cir. 2011) (*en banc*). Rather, we have explained that a petitioner can use the savings clause to "open the portal" to § 2241 only where he shows that: (1) throughout his sentencing, direct appeal, and original § 2255 proceeding, his claim was squarely foreclosed by our binding precedent; (2) his current claim is based on a Supreme Court decision that overturned the precedent that had foreclosed his claim; (3) that Supreme Court decision is retroactively applicable on collateral review; (4) as a result of the application of the new rule, his sentence exceeds the applicable statutory maximum penalty; and (5) the savings clause reaches his pure-*Begay* error claim of illegal detention above the statutory maximum penalty. *Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1262, 1274 (11th Cir. 2013).

## II.

In this case, Aiken fails to show that he can meet the requirements in *Bryant*. First, he cannot show that this Circuit's law foreclosed him from raising an objection to the treatment of his convictions as violent felonies under the ACCA during his direct appeal or initial § 2255 motion. No Eleventh Circuit precedent

6

squarely held that battery on a law enforcement officer, as defined in Fla. Stat. §§ 784.03, 784.07, was a violent felony for ACCA purposes during Aiken's direct appeal and initial § 2255 proceedings.  It was not until December 2005, in our decision in *United States v. Glover*, 431 F.3d 744, 749 (11th Cir. 2005), that we held that a conviction under §§ 784.03 and 784.07 constituted a crime of violence under the elements clause of the career-offender guideline enhancement found at U.S.S.G. § 4B1.1.  *See Gilbert*, 640 F.3d at 1309 n.16 (noting that this Court uses the same analysis for determining whether a crime constitutes a "violent felony" for the purposes of the ACCA enhancement as it does for a "crime of violence" as defined under the § 4B1.1 career-offender provision).

Aiken's reliance on this Court's decision in *United States v. Llanos-Agostadero*, 486 F.3d 1194, 1196-98 (11th Cir. 2007) also is unavailing, as it was decided in 2007, and its holding that Florida battery on a pregnant woman constituted a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii) is inapplicable here.  *See United States v. Contreras*, 739 F.3d 592, 598 (11th Cir. 2014) (noting that § 2L1.2 "defines 'crime of violence' very differently" than the ACCA defines "violent felony," such that cases interpreting the ACCA were "not applicable" in that context).

Aiken also fails to identify circuit precedent at the time of his direct appeal and first § 2255 motion that squarely foreclosed his claim that his 1990 convictions

7

for robbery and false imprisonment did not qualify as predicate offenses under the ACCA.[4]  That said, with regard to Aiken's robbery conviction, prior to the conclusion of his § 2255 proceedings in June 2004, our caselaw treated Florida robbery as a violent felony under the ACCA.  *See United States v. Wilkerson*, 286 F.3d 1324, 1325 (11th Cir. 2002) (holding that "robbery clearly constitutes a 'violent felony' within the meaning of § 924(e)(2)(B)").  In any event, Aiken fails to demonstrate that *Wilkerson* has been overturned by a retroactively applicable Supreme Court decision.  *See Bryant*, 738 F.3d at 1274.

Aiken's reliance on *Begay*, *Chambers*, and *Johnson*, to argue that his robbery conviction did not qualify as a violent felony is misplaced.  First, although *Begay* instructed courts to apply the "purposeful, violent, and aggressive" test to determine whether a given state offense qualifies as a violent felony, it did not abrogate all of this Court's prior violent felony jurisprudence.  *Begay*, 553 U.S. at 144-45; *Williams*, 713 F.3d at 1347.  Notably, subsequent to *Begay*, this Court reaffirmed that Florida's robbery statute, Fla. Stat. § 812.13(1), categorically qualifies as a crime of violence for the purposes of the analogous career-offender enhancement.  *See United States v. Lockley*, 632 F.3d 1238, 1242-45 (11th Cir.

---

[4] Because Aiken's 1990 false-imprisonment conviction arose out of the same incident as his robbery conviction, only one of the two convictions could have served as a predicate ACCA offense.  *See United States v. Canty*, 570 F.3d 1251, 1255 (11th Cir. 2009) (explaining that "[i]n order for ACCA enhancement to be proper, the defendant must have been convicted of three violent felonies or serious drug crimes 'committed on occasions different from one another.'") (citation omitted).  Here, as Aiken failed to demonstrate that his robbery conviction no longer qualifies as a violent felony, we have no need to address his false-imprisonment conviction.

2011); *see also Gilbert*, 640 F.3d at 1309 n.16.  Second, the Supreme Court's holding in *Chambers*—that Illinois's offense of failure to report to a penal institution was not an ACCA violent felony—did not affect *Wilkerson*'s treatment of Florida robbery as an ACCA violent felony.  *See Chambers*, 555 U.S. at 123, 127-30.  Third, *Johnson*, which held that one subdivision of Florida's battery statute did not qualify as a violent felony, also did not affect *Wilkerson*'s discussion of a robbery offense.  *See Johnson*, 559 U.S. at 136-37, 140-41, 145.

To the extent that Aiken argues that his counsel was ineffective for withdrawing his objections to the application of the ACCA enhancement at sentencing, this Court need not address this issue because Aiken failed to present it to the district court.  *See Walker v. Jones*, 10 F.3d 1569, 1572-73 (11th Cir. 1994) (noting that this Court will not consider a habeas claim that was not raised before the district court).

In sum, this Court concludes, as it did before, that Aiken has failed to establish on appeal that binding circuit precedent "squarely foreclosed" him from raising his claim on direct appeal or in his previous § 2255 motion, or that *Begay*, *Chambers*, and *Johnson* are retroactively applicable Supreme Court decisions that

overturned the relevant precedent. *Bryant*, 738 F.3d at 1274. Accordingly, Aiken has not satisfied the § 2255(e) savings clause requirements.[5]

### Johnson v. United States

We now address the U.S. Supreme Court's decision in *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551.

In *Johnson*, the Supreme Court invalidated the residual clause of the ACCA, holding that it was unconstitutionally vague. 576 U.S. at ___, 135 S. Ct. at 584. As a result, a prior conviction that qualified as an ACCA "violent felony" under the residual clause can no longer be counted against a defendant, unless the conviction alternatively meets the definition of "violent felony" laid out in the ACCA's elements clause or enumerated offenses clause. Aiken argued, during supplemental briefing, that as a result of *Johnson*, he no longer has three qualifying ACCA-predicate convictions.

Aiken, however, still fails to meet step one of the *Bryant* test. Aiken was never barred from arguing during his sentencing, direct appeal, or § 2255 proceeding that he was not an armed career criminal because the residual clause was unconstitutionally vague. *See Bryant*, 738 F.3d at 1274. The Supreme Court

---

[5] Following the original briefing, Aiken moved in this Court to remand his case in full, pursuant to Fed. R. App. P. 28(j), arguing that the Supreme Court's decision in *Descamps v. United States*, 570 U.S. ___, 133 S. Ct. 2276 (2013), established that the district court improperly referred to the facts underlying his prior convictions in determining that they qualified as ACCA violent felonies. Because *Descamps* has no bearing on whether Aiken can satisfy the test set forth in *Bryant*, his motion to remand the case in full is DENIED.

did not uphold the constitutionality of the residual clause until 2007, years after Aiken's § 2255 proceeding concluded. *See James v. United States*, 550 U.S. 192 (2007), *overruled by Johnson*, 576 U.S. ___, 135 S. Ct. 2551. This Court did not reject a void-for-vagueness argument until even after that date. *See United States v. Gandy*, 710 F.3d 1234, 1239 (11th Cir. 2013).[6] Therefore, had Aiken raised a vagueness challenge during his criminal case or in his § 2255 motion, this Court would not have been "unwilling to listen to his claim." *Williams*, 713 F.3d at 1347; *see Bryant*, 738 F.3d at 1273, 1275.

Aiken argues that, because this Court had already held that certain offenses were "violent felonies" under the residual clause by the time of his sentencing, pursuant to the prior-panel-precedent rule, this Court would not have been able to consider a constitutional challenge to the ACCA. While it is true that "a prior panel precedent cannot be circumvented or ignored on the basis of arguments not made to or considered by the prior panel," *In re Lambrix*, 776 F.3d 789, 794 (11th Cir. 2015) (quotation marks omitted), this Court has never held that the previous application of a statute would bar a later facial constitutional challenge.

---

[6] In 2011, this Court rejected an argument that the definition of "crime of violence" in the Sentencing Guidelines was vague and that a district court committed a due process violation by applying the career offender enhancement. *See United States v. Lockley*, 632 F.3d 1238, 1241 n.2 (11th Cir. 2011). Whether this case or *Gandy* establishes the point at which a residual clause void-for-vagueness argument was foreclosed by circuit precedent is immaterial, as both cases occurred after Aiken's § 2255 proceeding concluded.

For example, in *United States v. Ruggiero*, 791 F.3d 1281, 1290-91 (11th Cir. 2015), this Court examined whether 18 U.S.C. § 2251(a), prohibiting the production of child pornography, was unconstitutionally vague, despite the fact that this Court had previously affirmed defendants' convictions for violating § 2251(a), *see, e.g.*, *United States v. Bailey*, 778 F.3d 1198 (11th Cir. 2015), *United States v. Mathis*, 767 F.3d 1264 (11th Cir. 2014).

Put simply, Aiken failed to show that throughout his sentencing, direct appeal, and first § 2255 proceeding, this Court's binding precedent squarely foreclosed the new claim he asserts in his § 2241 petition—namely, that the residual clause's unconstitutionality disqualifies him from receiving the ACCA enhancement. *See Bryant*, 738 F.3d at 1273-74. As Aiken cannot access the savings clause, we must affirm the district court's dismissal of Aiken's § 2241 petition for lack of subject-matter jurisdiction.

**AFFIRMED.**