[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11968
Non-Argument Calendar

_____

D.C. Docket No. 5:19-cr-00070-MTT-CHW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AARON SCARBOROUGH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(September 15, 2020)

Before WILSON, BRANCH, and FAY, Circuit Judges.

PER CURIAM:

Aaron Scarborough appeals his 12 month and 1 day sentence for escape.  On

appeal he challenges a third-party warning requirement imposed as a condition of

his supervised release.  Scarborough first argues that the condition is unconstitutionally vague and an unconstitutional delegation of judicial authority. Second, he argues that the condition was not reasonably related or no greater a deprivation of his liberty than necessary.  We reject both arguments and affirm.

## I.

Usually we review constitutional law questions de novo, but when raised for the first time on appeal, we review them for plain error.  *United States v. Nash*, 438 F.3d 1302, 1304 (11th Cir. 2006) (per curiam).  Plain error requires: (1) an error; (2) which was plain; and (3) the defendant's substantial rights were affected.  *Id.* Where those preconditions are met, "we may reverse . . . if it 'seriously affects the fairness, integrity, or public reputation of judicial proceedings.'"  *Id.*  "A plain error is an error that is 'obvious' and is 'clear under current law.'"  *United States v. Lange*, 862 F.3d 1290, 1296 (11th Cir. 2017).  "[T]here can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it."  *Id.*  "In other words, [Scarborough] must show that some controlling authority clearly established that the court erred in imposing the challenged condition[]."  *United States v. Carpenter*, 803 F.3d 1224, 1239 (11th Cir. 2015). When a defendant cannot meet a prong of plain error, we need not reach the other plain error prongs.  *Id.* at 1238–39.  "Under the prior precedent rule, we are bound to follow a prior binding precedent 'unless and until it is overruled by this court en

banc or by the Supreme Court.'" *United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008) (per curiam).

"A statute is void for vagueness under the Fifth Amendment's Due Process Clause if it 'fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement.'" *United States v. Ruggiero*, 791 F.3d 1281, 1290 (11th Cir. 2015). The Supreme Court has held "that the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause." *Beckles v. United States*, 137 S. Ct. 886, 890 (2017). *Beckles* specifically addressed the Guidelines' residual clause, which defined a crime of violence. *Id.* The Court further explained that it "ha[d] invalidated two kinds of criminal laws as 'void for vagueness': laws that *define* criminal offenses and laws that *fix the permissible sentences* for criminal offenses." *Id.* at 892. The Guidelines though, only "guide[d] the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id.*

"To determine if a court improperly delegated the judicial authority of sentencing, we have drawn a distinction between the delegation to a probation officer of 'a ministerial act or support service' and 'the ultimate responsibility' of imposing the sentence." *Nash*, 438 F.3d at 1304–05. "Where the court makes the determination of *whether* a defendant must abide by a condition, it is permissible

3

to delegate to the probation officer the details of where and when the condition will be satisfied." *Id.* at 1305 (alterations accepted).

An issue in *Nash* was whether a special condition improperly delegated judicial authority in a third-party warning condition. *Id.* at 1304, 1306. The condition obligated Nash to "'notify third parties of risks that may be occasioned by Nash's criminal record or personal history or characteristics' '*as directed* by the probation officer.'" *Id.* at 1306 (alterations accepted).[1] We explained that the language did not permit the probation officer to "unilaterally decide whether Nash 'shall' do" something, but that "[t]he probation officer may 'direct' when, where, and to whom notice must be given." *Id.* We held that it was not plain error to impose this condition as it "direct[ed] the probation officer to oversee the enforcement of Nash's supervised release, but d[id] not relegate the 'ultimate responsibility' of determining Nash's sentence to the unfettered discretion of the probation officer." *Id.* We noted that the Sentencing Guidelines "specifically recommended" the condition's language as a supervised release term. *Id.*

*Nash* also considered the constitutionality of the third-party warning condition under plain error, specifically whether it was "vague and overbroad

---

[1] The full text of the condition was as follows: "*As directed by the probation officer, the defendant shall* notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement." *Nash*, 438 F.3d at 1304 (emphasis added).

4

because it d[id] not state the risks, third parties, or history and characteristics that would otherwise guide a probation officer in the enforcement of th[e] condition." *See id.* at 1303–04, 1306.  We explained the requirements for imposing supervised release conditions, specifically that they: (1) "are 'reasonably related' to the sentencing factors"; (2) "involve no greater deprivation of liberty than is reasonably necessary for the purposes set forth"; and (3) "are consistent with any pertinent policy statements issued by the Sentencing Commission."  *Id.* at 1306–07.  We stated that "[c]onditions of supervised release are not vague and overbroad when they are 'undeniably related' to the sentencing factors."  *Id.* at 1307.  We held that the condition "'undeniably related' to Nash's" history and characteristics, the offense's circumstances and nature, and the need to protect the public from Nash's future crimes—which stemmed from some of the 18 U.S.C. § 3553(a) factors a court could consider.  *See id.*  We also explained that "Nash's convictions inform[ed] the probation officer as to which parties 'may be occasioned' to be harmed by Nash," and "Nash's criminal history and restitution obligation direct[ed] the probation officer to enforce this condition of her supervised release with a view toward the prevention of future fraud and the fulfillment of her restitution obligations."  *Id.*  Given "Nash's previous and current convictions and the mandated restitution," the condition was not vague or overbroad.  *Id.*

5

Finally, Condition 12 comes from U.S.S.G. § 5D1.3(c), a list of "'standard' conditions" that the Guidelines "recommend[] for supervised release." U.S.S.G. § 5D1.3(c), p.s. Condition 12 is not included in 18 U.S.C. § 3583's list of required conditions.

We make quick work of Scarborough's constitutional claims. As he raised them for the first time on appeal, we review them for plain error. *See Nash*, 438 F.3d at 1304. Though the phrasing of the third-party warning condition has changed somewhat, nothing has undermined *Nash* to the point of abrogation. It thus remains binding law in our circuit. *See United States v. Vega-Castillo*, 540 F.3d at 1236. And since *Nash* remains good law, Scarborough cannot show that the district court committed plain error on either of his constitutional grounds.

## II.

When an appellant challenges supervised release terms for the first time on appeal, we review the terms for plain error. *Nash*, 438 F.3d at 1304.

Because Scarborough challenges his third-party warning condition for the first time on appeal, plain error review applies. He has not shown that any controlling authority clearly established that the district court erred by imposing the third-party warning condition. So any error, if such error exists, would not be plain. We need not, and decline to, reach the other plain error prongs.

**AFFIRMED.**

6