NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 9, 2019[*]
Decided July 11, 2019

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 17-2722

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 16 CR 159-2 |
| RONNIE ALLEN II, *Defendant-Appellant*. | Matthew F. Kennelly, *Judge*. |

**O R D E R**

A jury found Ronnie Allen II guilty of two counts of identity theft, see 18 U.S.C. § 1028(a)(7), two counts of aggravated identity theft, *id.* § 1028A(a)(1), and two counts of access device fraud, *id.* § 1029(a)(3). On appeal, Allen and the government agree that convicting him for both identity theft and aggravated identity theft violated the Double

---

[*] Although this case originally was scheduled for oral argument on July 9, 2019, after receiving the government's brief, the assigned panel, on its own motion, vacated oral argument. The case was submitted to the panel on the briefs and the record for decision. See FED. R. APP. P. 34(a)(2).

Jeopardy Clause of the Constitution. We agree, and therefore we vacate the convictions and sentences for the two counts of identity theft.

Unhappy with his discharge from the Air Force, Allen stole a roster containing the names, birthdates, and social security numbers of about 1400 fellow servicemembers. He then emailed that information to two people, on two separate occasions, so that they could use the information to fraudulently open credit and debit card accounts or make use of existing accounts. Allen expected to be compensated if the information proved profitable. The first email, sent in January 2013, contained approximately 100 identities. In April 2014, Allen sent a second email that included the entire roster.

Allen was indicted on the same three charges for each transfer: identity theft, 18 U.S.C. § 1028(a)(7), aggravated identity theft, *id.* § 1028A(a)(1), and fraudulent use of an access device, *id.* § 1029(a)(3). Counts One and Four (the two identity-theft counts) charged that, in January 2013 and April 2014, respectively, Allen knowingly transferred the identifications of members of the Air Force in connection with a violation of Illinois's identity-theft law, 720 ILCS 5/16-30(a)(1). The two aggravated-identity-theft counts (Counts Three and Six) charged that, on those same dates, Allen knowingly transferred the identifications of servicemembers while committing access device fraud, 18 U.S.C. § 1029(a)(3).

The district judge sentenced Allen to a total term of 48 months' imprisonment. He received concurrent 24-month sentences on the identity-theft and access-device-fraud counts, and a consecutive 24 months' imprisonment—the statutory minimum— for aggravated identity theft. See 18 U.S.C. § 1028A(a)(1).

On appeal, Allen and the government agree that Allen's convictions for identity theft and aggravated identity theft amount to multiple punishments for the same acts. See U.S. CONST. amend. V ("No person shall ... be subject for the same offence to be twice put in jeopardy of life or limb."). Allen did not raise a double-jeopardy argument in the district court; therefore, we review the forfeited argument for plain error. See *United States v. Ajayi*, 808 F.3d 1113, 1124 (7th Cir. 2015). We look for (1) "an error or defect" that is (2) "clear or obvious, rather than subject to reasonable dispute" and that (3) "affected the appellant's substantial rights"; if one exists, we have the discretion to correct the error only if it "'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Puckett v. United States*, 556 U.S. 129, 135 (2009) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)). We have previously held that a

conviction on a multiplicitous indictment is a plain error. See *United States v. Gries*, 877 F.3d 255, 258–260 (7th Cir. 2017); *Ajayi*, 808 F.3d 1113 at 1124; *United States v. Rea*, 621 F.3d 595, 600–01 (7th Cir. 2010).

Double jeopardy does not preclude imposition of multiple punishments for the same offense where the legislature has authorized cumulative punishment. See *McCloud v. Deppisch*, 409 F.3d 869, 873 (7th Cir. 2005). But here, neither statute unambiguously allows cumulative convictions and punishments for the same act. Both criminalize the transfer, use, or possession of identifying information either "in connection with" a state law felony or violation of federal law (identify theft) or "during and in relation to" certain enumerated felonies (aggravated identity theft). The history of § 1028A shows that Congress intended to mandate cumulative punishments for aggravated identity theft and the underlying offense. H.R. REP. NO. 108-528 (2004), *as reprinted in* 2004 U.S.C.C.A.N. 779, 785–86 (2004). But § 1028A(c)(4) explicitly *excludes* identity theft from the list of qualifying predicate offenses. And nowhere in the legislative history is there a discussion of cumulative punishments for violations of § 1028(a)(7) and § 1028A(a)(1). H.R. REP. NO. 108-528, 2004 U.S.C.C.A.N. at 785–86.

With no unequivocal answer from the legislature, we turn to whether identity theft and aggravated identity theft have the "same elements" under the test set forth in *Blockburger v. United States*, 284 U.S. 299 (1932). A defendant's conviction of two offenses for the same conduct is permissible if each offense "requires proof of a fact which the other does not." *Id.* at 304. Here, the first three elements of both statutes are identical.[1] And the fourth element of each is satisfied by unlawful activity—the only difference being that identity theft is triggered by *any* state felony or violation of federal law, whereas the predicate for an aggravated-identity-theft conviction must be among eleven classes of federal offenses enumerated in § 1028A(c).

---

[1] A person commits identity theft in violation of § 1028(a)(7) if he (1) "knowingly transfers, possesses, or uses"; (2) "without lawful authority"; (3) "a means of identification of another person"; (4) "with the intent to commit, or to air or abet, or in connection with, any unlawful activity that constitutes a violation of Federal law, or that constitutes a felony under any applicable State or local law."

A person commits aggravated identity theft in violation of § 1028A(a)(1) if he (1) "knowingly transfers, possesses, or uses"; (2) "without lawful authority"; (3) "a means of identification of another person"; (4) "during and in relation to any felony violation" enumerated in § 1028A(c).

True, the indictment in this case sets forth different underlying offenses for the aggravated-identity-theft and identity-theft counts: access device fraud for the former, identity theft under Illinois for the latter. But our inquiry focuses solely on the elements of the statutes. See *Blockburger*, 284 U.S. at 304. And the enumerated offenses that can support a conviction for aggravated identity theft—including access device fraud— would also satisfy the fourth element of basic identify theft, which is broader. See *United States v. Bonilla*, 579 F.3d 1233, 1243 (11th Cir. 2009) (charging defendant with identity theft and aggravated identity theft was "clear example of one act violating two distinct statutory provisions"). In other words, proving that Allen committed aggravated identity theft necessarily entailed proving that he committed identity theft.

Of course, Allen could have been prosecuted for both identity theft and aggravated identity theft if the charges were based on different acts. See *United States v. Faulds*, 612 F.3d 566, 570 (7th Cir. 2010). But the record makes clear that each set of Allen's § 1028(a)(7) and § 1028A(a)(1) convictions is based on the same underlying conduct. Counts One and Three both target the same January 2013 email of personal identifying information, while Counts Four and Six pertain to the same April 2014 email. Because the government did not establish that Allen committed identity theft and aggravated identity theft as two distinct courses of conduct, he could not be constitutionally convicted of both.

These duplicative convictions and sentences cannot stand. See *Ball v. United States*, 470 U.S. 856, 864 (1985); *Gries*, 877 F.3d at 260. There is no need, however, for full resentencing. "[I]n a case in which the lesser-included offense has fewer elements *and* is the less serious offense, vacating the sentence for the graver offense would be an abuse of discretion." *United States v. Peel*, 595 F.3d 763, 768 (7th Cir. 2010). A conviction for aggravated identity theft carries a mandatory consecutive two-year term of imprisonment, making it the "graver" of the two offenses. Thus, the identity-theft convictions under § 1028(a)(7) must be vacated. This is true even though vacating them will not change Allen's prison time. Not only were distinct special assessments imposed on those counts, but a "separate *conviction*, apart from the concurrent sentence, has potential adverse collateral consequences that may not be ignored." *Ball*, 470 U.S. at 865; see also *United States v. Parker*, 508 F.3d 434, 441 (7th Cir. 2007).

Therefore, we VACATE the convictions and sentences for identity theft, 18 U.S.C. § 1028(a)(7), and REMAND to the district court with instructions to modify the judgment accordingly. In all other respects, we AFFIRM.