[PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-13505

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

PAUL EDWARD LEE, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:20-cr-00066-MMH-MCR-1

_____

Before LAGOA, BRASHER, and TJOFLAT, Circuit Judges.

LAGOA, Circuit Judge:

In 2018, Paul Edward Lee, Jr., was charged with violating 18 U.S.C. § 2251(d)(1). Lee's § 2251(d)(1) charge proceeded to trial, and a jury found Lee guilty. At the time of Lee's trial, *United States v. Caniff* ("*Caniff I*"), 916 F.3d 929 (11th Cir. 2019), *vacated and superseded on reconsideration*, 955 F.3d 1183 (11th Cir. 2020), was controlling precedent in this Circuit. Under *Caniff I*, "one-on-one communications like . . . text messages" could "support [a] jury finding that [the defendant] made 'notices' . . . to receive child pornography" in violation of § 2251(d)(1). *Id.* at 935–37. But, after Lee was convicted, this Court vacated *Caniff I* and held that § 2251(d)(1) "does not apply to a private text message sent from one individual to another." *United States v. Caniff* ("*Caniff II*"), 955 F.3d 1183, 1191–92 (11th Cir. 2020). Based on *Caniff II*, Lee successfully moved for a judgment of acquittal.

Concurrent with Lee's acquittal, the government charged Lee with attempting to violate 18 U.S.C. § 2251(a). The § 2251(a) charge was predicated on the same conduct as the § 2251(d) charge. Lee moved to dismiss the new charge and argued that the government could not charge Lee under § 2251(a) after Lee had been acquitted for the § 2251(d)(1) charge, under the Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitution. The district court denied Lee's motion because, even though Lee was "being tried for the same conduct," he was "not being tried for the same offense."

On appeal, Lee asserts that the district court erred because "§ 2251(d) does not require proof of any fact beyond what is required for a § 2251(a) conviction." After careful review, and with the benefit of oral argument, we affirm the district court's order because § 2251(a) and § 2251(d) each require proof of an additional fact that the other offense does not.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

A minor, "A.L.," attended a tutoring session and told her tutor that she had a thirty-eight-year-old "special friend." The tutor contacted A.L.'s father, and A.L. allegedly told her father that her "special friend" communicated with her via text message, as well as through the messaging features of two mobile applications, and requested sexually explicit images. The cellphone number that the "special friend" used to communicate with A.L. allegedly belonged to Lee.

An investigation ensued, and Special Agent Abbigail Beccaccio of the Federal Bureau of Investigation ("FBI") received A.L's cellphone during the investigation. While in possession of A.L.'s cellphone, Agent Beccaccio received a text message from the cellphone number at issue. Agent Beccaccio, acting as an FBI online covert employee, pretended to be A.L. and began exchanging messages with that number. In so doing, Agent Beccaccio was asked to send sexually explicit depictions of A.L., including a video of A.L. masturbating.

### A.  2018 Indictment & Trial

The government filed a criminal complaint against Lee for "[s]olicitation and advertisement for child pornography" in violation of 18 U.S.C. § 2251(d).  And a grand jury charged Lee with one count of violating § 2251(d) (the "2018 Indictment").  According to the 2018 Indictment, Lee knowingly violated § 2251(d) by using a cellphone to make, print, and publish "notices seeking and offering to receive visual depictions . . . of a person whom [he] believed to be a minor engaging in sexually explicit conduct."

Lee's § 2251(d) charge was tried before a jury in March 2020.  At trial, the government asserted that Lee made notices to receive child pornography via private cellphone messages.  At the end of the government's case, Lee moved for acquittal and argued that sending private messages could not satisfy the "notice or advertisement" element of § 2251(d)(1).  Relying on this Court's decision in *Caniff I*, the district court denied Lee's motion.

The jury found Lee guilty of violating § 2251(d).  About a month later, this Court vacated *Caniff I* in *Caniff II*, holding that § 2251(d)(1)'s "prohibition against 'knowingly mak[ing] . . . any notice . . . seeking or offering [child pornography]'—does not apply to a private text message sent from one individual to another." *Caniff II*, 955 F.3d at 1192 (quoting § 2251(d)(1)).  The next day, Lee renewed his motion for acquittal.  The government did not oppose Lee's motion, and the district court granted Lee's motion for acquittal and set aside the jury's guilty verdict.

### B. 2020 Indictment

On May 7, 2020—seven days before the district court set aside the jury's guilty verdict in connection with the 2018 Indictment—the government filed a new criminal complaint against Lee. According to the new criminal complaint, Lee attempted to "employ, use, persuade, induce, entice and coerce a person whom [he] believed to be a minor to engage in . . . sexually explicit conduct for the purpose of producing visual depictions of such conduct" in violation of 18 U.S.C. § 2251(a). On May 20, 2020, a grand jury charged Lee with attempting to violate § 2251(a) (the "2020 Indictment").[1]

Lee moved to dismiss the 2020 Indictment on several grounds including, as relevant to this appeal, that the § 2251(a) charge violated his rights under the Double Jeopardy Clause. Lee argued that the "'offense' charged in the 2020 indictment [was] the same transgression of law as the 2018 indictment," as evidenced by the similarities between the allegations in support of both indictments.

The district court denied Lee's motion to dismiss the indictment. The district court found that "although [Lee] is being tried for the same *conduct* charged in the 2018 Indictment, [he] is not being tried for the same *offense*." For example, the district court

---

[1] Lee was also charged with one count of violating 18 U.S.C. §§ 2422(b) and 2427. But the government moved to dismiss that count, and the district court granted the government's motion.

6                    Opinion of the Court                    20-13505

explained that the two offenses are not the same because § 2251(a) "does not require that a defendant knowingly made, printed, or published, or caused to be made, printed or published, any notice."

On September 14, 2020, Lee filed a notice of interlocutory appeal. This appeal followed.

## II.    STANDARD OF REVIEW

We review de novo the district court's denial of Lee's motion to dismiss the 2020 Indictment on double jeopardy grounds. *United States v. Mayes*, 158 F.3d 1215, 1219 (11th Cir. 1998); *United States v. Davis*, 854 F.3d 1276, 1286 (11th Cir. 2017) ("We review . . . double jeopardy arguments de novo.").[2]

## III.    ANALYSIS

Lee asserts that the successive charges in the 2018 and 2020 Indictments violate the Fifth Amendment's Double Jeopardy

---

[2] The government asserts that we should review Lee's arguments for plain error because, within Lee's motion to dismiss the 2020 Indictment, Lee stated that the indictments "may technically pass the *Blockburger* [*v. United States*, 284 U.S. 299 (1932),] separate elements" test. But the rest of Lee's motion to dismiss made it clear that Lee was asserting that the § 2251(a) charge violated the Double Jeopardy Clause because he was being charged for the same offense. Moreover, Lee "cannot waive the application of the correct law or stipulate to an incorrect legal test." *Jefferson v. Sewon Am., Inc.*, 891 F.3d 911, 923 (11th Cir. 2018). And the *Blockburger* test is the correct legal test for Lee's double jeopardy argument. *Rutledge v. United States*, 517 U.S. 292, 297 (1996) ("For over half a century we have determined whether a defendant has been punished twice for the 'same offense' by applying the rule set forth in *Blockburger v. United States*.").

Clause. Under the Fifth Amendment's Double Jeopardy Clause, no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The Double Jeopardy Clause thereby "guarantees against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense." *United States v. Bobb*, 577 F.3d 1366, 1371 (11th Cir. 2009).

On appeal, we must determine whether the 2020 Indictment amounts to a second prosecution for the same offense. Our analysis is divided into three parts. First, we discuss the applicable test for Lee's double jeopardy claim. Then, we identify the relevant statutory elements for § 2251(a) and § 2251(d) offenses. Finally, we discuss whether each offense requires proof of a fact that the other does not.

## A. Double Jeopardy

"Where the same conduct violates two statutory provisions, the first step in the double jeopardy analysis is to determine whether the legislature . . . intended that each violation be a separate offense." *United States v. Cannon*, 987 F.3d 924, 939–40 (11th Cir. 2021) (quoting *Davis*, 854 F.3d at 1286), *cert. denied sub nom.*, *Holton v. United States*, 142 S. Ct. 283 (2021). "If congressional intent is unclear, we apply the Supreme Court's test set forth in *Blockburger v. United States*, 284 U.S. 299 (1932)." *Id.* at 940.

Because neither Lee nor the government "identifies anything . . . that speaks to Congress's intent to authorize separate"

punishments for 18 U.S.C. §§ 2251(a) and 2251(d), our analysis will proceed to the *Blockburger* test. *Id.* Under *Blockburger*, "'where the same act or transaction constitutes a violation of two distinct statutory provisions,' cumulative punishment may not be imposed unless 'each provision requires proof of an additional fact which the other does not.'" *United States v. Hassoun*, 476 F.3d 1181, 1185 (11th Cir. 2007) (quoting *Blockburger*, 284 U.S. at 304)).

"[T]he *Blockburger* test 'is one of statutory interpretation.'" *Davis*, 854 F.3d at 1286 (quoting *United States v. Williams*, 527 F.3d 1235, 1240 (11th Cir. 2008)). It "focuses on the statutory elements of the offense." *Albernaz v. United States*, 450 U.S. 333, 338 (1981) (quoting *Iannelli v. United States*, 420 U.S. 770, 785 n.17 (1975)). "If each [offense] requires proof of a fact that the other does not, the *Blockburger* test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes." *Id.* (quoting *Iannelli*, 420 U.S. at 785 n.17).

This "strictly elemental analysis applies even where we are presented with" two offenses "based on the same factual" allegations. *Hassoun*, 476 F.3d at 1186. As we explained in *Hassoun*:

> double jeopardy is not implicated simply because a factual situation might exist where a defendant could commit one act that satisfies the elements of two distinct offenses. As *Blockburger* counsels, the rub is whether Congress intended that one act be twice subject to punishment. As such, the question we must ask is whether the defendant's one act must *necessarily* satisfy the elements of both offenses. In other

20-13505                Opinion of the Court                9

words, does a scenario exist where the hypothetical defendant might violate one section without violating the other?

*Id.* at 1188–89.

Lee argues that the 2018 Indictment's § 2251(d) charge "does not require proof of any fact beyond what is required for" the 2020 Indictment's § 2251(a) charge. Because the *Blockburger* test is a rule of statutory construction that focuses on the statutory elements for each offense, we must identify the statutory elements for the § 2251(a) and § 2251(d) offenses Lee was charged with before determining whether each offense requires proof of a fact that the other does not. *See Albernaz*, 450 U.S. at 338; *Davis*, 854 F.3d at 1286.

### B.  Statutory Elements for § 2251(a) & § 2251(d) Offenses

Sections 2251(a) and 2251(d) are separate provisions of the Sexual Exploitation of Children statute. Section 2251(a) is the provision associated with the production of child pornography. *See United States v. Ruggiero*, 791 F.3d 1281, 1284 (11th Cir. 2015) ("Section 2251(a) is the 'production' section of a broad regulatory scheme that prohibits the production, receipt, distribution, and possession of child pornography."). And § 2251(d) is the provision associated with soliciting, or advertising for, child pornography. *See United States v. Wayerski*, 624 F.3d 1342, 1348 (11th Cir. 2010) (describing § 2251(d)(1) as a prohibition "concerning the advertisement of child pornography"). On appeal, we must determine

10                    Opinion of the Court                    20-13505

whether these two sections of the Sexual Exploitation of Children Statute are separate offenses.[3]

### 1.  18 U.S.C. § 2251(a)

As relevant to the 2020 Indictment, the statutory elements for a § 2251(a) offense are: (1) employing, using, persuading, inducing, enticing, or coercing a minor to engage in any sexually explicit conduct to produce any visual depiction of such conduct (or for transmitting a live visual depiction of such conduct); and (2) a jurisdictional nexus—i.e., a nexus to interstate commerce.[4]  § 2251(a); *see United States v. Terrell*, 700 F.3d 755, 758–59 (5th Cir. 2012).

---

[3] While Lee claims that both indictments charged him under "the same sexual exploitation of children statute," the government correctly asserts that the two indictments charged Lee with violating different sections of 18 U.S.C. § 2251. And this Court has consistently applied the *Blockburger* test to charges brought under different sections of the same statute.  *See, e.g., United States v. Flanders*, 752 F.3d 1317, 1338 (11th Cir. 2014) ("A plain reading of § 1591(a)(1) and (a)(2) demonstrates that the two subsections meet the *Block-burger* test of whether separate convictions are authorized."); *United States v. Luis-Gonzalez*, 719 F.2d 1539, 1546 (11th Cir. 1983) ("Subsections (a) through (d) of section 955a charge separate offenses which require proof of different facts.").

[4] A defendant can also violate § 2251(a) by having "a minor assist any other person to engage in" sexually explicit conduct or transporting "any minor in or affecting interstate or foreign commence . . . with the intent that such minor engage in[] sexually explicit conduct."  The potential nexuses to interstate commerce under § 2251(a) are:

> [(1)] if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or

20-13505              Opinion of the Court                    11

"On its face and as applied in this case, § 2251(a) requires only that a defendant arrange for a minor to engage in sexually explicit conduct for the purpose of creating a visual depiction, and that there be some nexus to interstate or foreign commerce." *Ruggiero*, 791 F.3d at 1284–85. In other words, and as our sister courts have held, § 2251(a) applies to a broad "range of ways that a defendant might actively be involved in the production of sexually explicit depictions of minors." *Ortiz-Graulau v. United States*, 756 F.3d 12, 19 (1st Cir. 2014). For example, the Eighth Circuit rejected an argument that a defendant did not violate § 2251(a) by "only film[ing] the minors and . . . not initiat[ing] or solicit[ing] their sexual conduct" because the actus reus component of § 2251(a) was "fully satisfied for the purposes of the child pornography statute" by using a child "to create pornography." *United States v. Fadl*, 498 F.3d 862, 866 (8th Cir. 2007) (quoting *United States v. Sirois*, 87 F.3d 34, 41 (2d Cir. 1996)).

---

affecting interstate or foreign commerce or mailed, [(2)] if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or [(3)] if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

According to the 2020 Indictment, Lee used a facility of interstate commerce by communicating via cellphone.

But § 2251(a) limits criminal liability to conduct "*for the purpose* of producing any visual depiction of such conduct." *Tilton v. Playboy Ent. Grp., Inc.*, 554 F.3d 1371, 1377 (11th Cir. 2009) (emphasis in original). "This mens rea requirement" requires proof that the defendant "desire[d] that a particular result [would] occur"—i.e., that a minor would engage in (or that a minor would assist another person to engage in) sexually explicit conduct "for the purpose of producing" a visual depiction of the conduct.[5] *Id.*

### 2.  18 U.S.C. § 2251(d)

As relevant to the 2018 Indictment, the statutory elements for a § 2251(d) offense are: (1) knowingly making, printing, or publishing, or causing to be made, printed, or published any notice or advertisement that seeks or offers to receive, exchange, buy, produce, display, distribute, or reproduce any visual depiction if the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct and such visual depiction is of such conduct; and (2) a jurisdictional nexus—i.e., a nexus to interstate commerce.[6] § 2251(d)(1)(A), (2)(B).

---

[5] But "[i]t is settled that § 2251(a) does not require proof that the defendant knew the victim was a minor." *Ruggiero*, 791 F.3d at 1286.

[6] Section 2251(d)(2) identifies two potential nexuses to interstate commerce:

> (A) such person knows or has reason to know that such notice or advertisement will be transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means including by computer or mailed; or (B) such notice or advertisement is

20-13505            Opinion of the Court            13

The actus reus component of § 2251(d) is "the act of knowingly publishing [, making, or posting] 'any notice or advertisement' to 'receive, exchange, buy, produce, display, distribute, or reproduce' child pornography." *United States v. Gries*, 877 F.3d 255, 260 (7th Cir. 2017) (quoting § 2251(d)(1)(A)). In *Caniff I*, a divided panel of this Court held that the term "'notice,' for purposes of § 2251(d)(1), is broad enough to include individually directed text messages." 916 F.3d at 936. But *Caniff I* was vacated by this Court's decision in *Caniff II*. 955 F.3d at 1185.

In *Caniff II*, this Court raised "serious doubts about whether the phrase 'make[] . . . any notice' in § 2251(d)(1) is broad enough to cover . . . private, person-to-person text messages." *Id.* at 1191–92. And applying the rule of lenity, this Court held that "private, person-to-person text messages" do not constitute "'notice[s]' 'ma[de]' within the meaning of 18 U.S.C. §2251(d)(1)." *Id.* at 1191–93. Therefore, under *Caniff II*, the actus reus element for §2251(d) is not satisfied by "a private text message from one individual to another" alone.[7]  *Id.* at 1192.

---

transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means including by computer or mailed.

According to the 2018 Indictment, Lee used a facility of interstate commerce by communicating via cellphone.

[7] Lee claims that *Caniff II* did not interpret the notice element of § 2251(d) because the defendant in *United States v. Orr*, 819 F. App'x 756, 767 (11th Cir. 2020)—an unpublished case decided around the same time as *Caniff II*—also

### C.  Sections 2251(a) and 2251(d) Are Not the Same Offense

Having identified the statutory elements of the offenses, we must proceed to discerning "[i]f each [offense] requires proof of a fact that the other does not." *Albernaz*, 450 U.S. at 338 (quoting *Iannelli*, 420 U.S. at 785 n.17).  Lee asserts that "proof of persuasion or enticement under [§ 2251(a)] necessarily shows the making of a notice under [§ 2251(d)]."  In so doing, Lee further argues that because he was tried for violating § 2251(d) when *Caniff I* was controlling precedent, the government cannot rely on *Caniff II* to distinguish § 2251(a) and § 2251(d).  Lee's arguments fail for two reasons.

First, despite the *Caniff* decisions, § 2251(a) and § 2251(d) have always required "proof of an additional fact which the other d[id] not." *Hassoun*, 476 F.3d at 1185 (quoting *Blockburger*, 284 U.S. at 304)).  As previously explained in Section III.B(1), the actus reus element of § 2251(a) is broad.  A defendant can violate

---

sent private messages and his conviction was upheld on appeal.  The facts of *Orr* are distinguishable, including because the defendant sent messages to more than one person and because he failed to discuss "any challenge to the § 2251(d)(1)(A), (2)(B) convictions" in his briefing and therefore "arguably waived any challenges." *Id.* at 759–61, 767.  Additionally, *Orr* is an unpublished opinion and is thus not considered binding precedent. *See* 11th Cir. R. 36-2.  In contrast, *Caniff II* is a published opinion and is therefore "binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc.*" *In re Lambrix*, 776 F.3d 789, 794 (11th Cir. 2015) (quoting *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008)).

§ 2251(a) through various means—i.e., by "employ[ing], us[ing], persuad[ing], induc[ing], entic[ing], or coerc[ing] any minor." § 2251(a).

In contrast, the actus reus element of § 2251(d) is limited to "mak[ing], print[ing], or publish[ing], or caus[ing] to be made, printed or published, any notice or advertisement." § 2251(d). Therefore, § 2251(d) requires proof that a defendant "made, printed or published any notice or advertisement," whereas § 2251(a) does not.

Because § 2251(d) requires proof of an element that § 2251(a) does not, it follows that § 2251(a) applies to conduct that § 2251(d) would not apply to. For example, a defendant can violate § 2251(a) by physically coercing a minor to engage in sexually explicit conduct to produce a visual depiction of said conduct. *See, e.g.*, *United States v. Champion*, 248 F.3d 502, 505 (6th Cir. 2001) ("[C]oercion involving physical force is sufficient, but not necessary, to establish a violation of § 2251(a)."); *Ortiz-Graulau*, 756 F.3d at 19 (1st Cir. 2014) ("Some of the[] acts [that violate § 2251(a)] may involve deception, violence, or otherwise be an independently unlawful act, but they need not be so long as the acts are done with the intent of making a visual depiction of a minor engaging in sexually explicit conduct."). Physical coercion alone is insufficient, however, to convict a defendant for violating § 2251(d) because § 2251(d) requires proof of the additional fact that the defendant made, published, or printed some form of "notice or advertisement." § 2251(d)(1). In other words, one act does not "*necessarily* satisfy

the elements of both offenses," and a "hypothetical defendant might violate one section without violating the other." *See Hassoun*, 476 F.3d at 1188–89.

A defendant can also violate § 2251(d) without violating § 2251(a). "[A]s applied in this case, § 2251(a) requires . . . that a defendant arrange for a minor to engage in sexually explicit conduct for the purpose of creating a visual depiction." *Ruggiero*, 791 F.3d at 1284–85; *see also United States v. Lee*, 603 F.3d 904, 918 (11th Cir. 2010) (explaining that, to support a conviction for attempted production of child pornography under § 2251(a), the government must prove "that [defendant] intentionally attempted to use [the minors] to produce child pornography"); *United States v. Miller*, 819 F.3d 1314, 1316 (11th Cir. 2016) (explaining that "[t]he government was not required to prove that making explicit photographs was Miller's sole or primary purpose for enticing the minor to engage in sexually explicit conduct" because it was "enough" for the government "to show that it was 'a purpose' for doing so").

Section 2251(d) is not so limited. For example, a defendant can violate § 2251(d) by posting a notice that he is seeking to exchange pornographic images of a minor—i.e., a defendant can violate § 2251(d) without proving that the defendant arranged for a minor (or that a defendant had a minor assist any other person) to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct. *Compare Gries*, 877 F.3d at 257, 260 (upholding convictions for § 2251(d)(1)(A) because the defendants were members of a group that "facilitate[d] the exchange of

20-13505                Opinion of the Court                17

massive personal libraries of child pornography"), *with Tilton*, 554 F.3d at 1377 (noting that § 2251(a) requires "evidence that [the defendant] induced [a minor] to engage in sexually explicit conduct for the purpose of producing any visual depiction of that conduct").

Second, in *Caniff II*, we identified another distinction between § 2251(a) and § 2251(d)—a "private text message sent from one individual to another" cannot constitute a violation of § 2251(d), but it can constitute a violation of § 2251(a). 955 F.3d at 1185–86, 1191–93, 1196 (reversing defendant's conviction under § 2251(d) but affirming conviction under § 2251(a) in connection with private text messages asking for sexually explicit images of a minor). "Relying on the rule of lenity," *Caniff II* vacated and superseded the panel's prior interpretation of the term "notice" within § 2251(d). *Id.* at 1185, 1193. "When a court corrects a wrong interpretation of a statute, 'it is not accurate to say that [the decision] "changed" the law,'" *Aspilaire v. U.S. Att'y Gen.*, 992 F.3d 1248, 1256 (11th Cir. 2021) (second alteration in original) (quoting *Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 313 n.12 (1994)), *cert. denied sub nom., Aspilaire v. Garland*, 142 S. Ct. 765 (2022). Instead, "[a] judicial construction of a statute is an authoritative statement of what the statute meant before as well as after the decision of the case giving rise to that construction." *Id.* (alteration in original) (quoting *Rivers*, 511 U.S. at 312–13).

Contrary to Lee's assertion, the rule of lenity is a "traditional tool[]" for construing the meaning of a criminal statute. *Romero v. Sec'y, U.S. Dep't of Homeland Sec.*, 20 F.4th 1374, 1383 (11th

Cir. 2021) ("The rule of lenity is one of the oldest and most traditional tools of statutory interpretation. . . . [It] mandates that penal statutes be construed strictly."). Consequently, the determination in *Caniff II* that § 2251(d) does not apply to "private text message[s] sent from one individual to another" based on the rule of lenity was an authoritative statement of what § 2251(d) has always meant. 955 F.3d at 1192. In fact, the district court acquitted Lee of the § 2251(d) charge because, based on our interpretation of that section in *Caniff II*, Lee's conduct did not violate § 2251(d).

Here, the *Blockburger* test is satisfied, and Lee's double jeopardy claim fails, because "each [offense] requires proof of a fact that the other does not." *Albernaz*, 450 U.S. at 338 (quoting *Iannelli*, 420 U.S. at 785 n.17); *cf. United States v. Overton*, 573 F.3d 679, 692 (9th Cir. 2009) ("Because each statutory provision requires proof of an additional fact the other does not, violations of § 2251(a) and (b) of Title 18 are not the same offense under *Blockburger*."). Section 2251(d) requires proof that a defendant "made, printed or published any notice or advertisement"—and, under *Caniff II*, private text messages sent from one individual to another cannot prove this element—whereas § 2251(a) does not. And, as relevant here, § 2251(a) requires proof that the defendant arranged for a minor to engage in sexually explicit conduct for the purpose of creating a visual depiction of that conduct, whereas § 2251(d) does not. Moreover, as discussed above, "scenario[s] exist where the hypothetical defendant might violate one section without violating the

20-13505               Opinion of the Court               19

other." *Hassoun*, 476 F.3d at 1189.  Indeed, as alleged in the 2020 Indictment, this case presents such a scenario.

## IV.    CONCLUSION

For the reasons stated, we conclude that the district court did not err in denying Lee's motion to dismiss the 2020 Indictment on double jeopardy grounds and therefore affirm the district court.

**AFFIRMED.**